UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA FITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 12-cv-3739 |
| | § | |
| UNIVERISTY OF TEXAS M.D. | § | |
| ANDERSON CANCER CENTER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending before the Court is the Defendant's Motion for Partial Dismissal. (Doc. No. 7.) After considering the Motion, all responses thereto, and the applicable law, the Court finds that the motion must be **GRANTED.**

I.   BACKGROUND

Plaintiff Jessica Fite ("Plaintiff") brings claims alleging violations of Title VII and 42 U.S.C. § 1981 against Defendant University of Texas M.D. Anderson Cancer Center ("Defendant"). For the purposes of this Motion, the Court accepts Plaintiff's allegations as true.

Plaintiff is an African American female who began her employment with Defendant in March 2012 as a Patient Escort. (Doc. No. 1, "Complaint", ¶ 6.) Plaintiff received excellent and/or exemplary performance reviews. (*Id.*) Plaintiff alleges that her Associate Director, Althonia Eby ("Eby"), treated her wrongfully. (*Id.*) In response, Plaintiff filed a grievance with Human Resources detailing Eby's conduct. (*Id.*) In

1

January 2013, Eby terminated Plaintiff. (*Id.*) Plaintiff appealed her termination through Defendant's grievance process. (*Id.* at ¶ 7.) Plaintiff alleges that Defendant changed its appeal process and criteria to disallow Plaintiff's appeal. (*Id.*) Plaintiff alleges Defendant allowed a pattern and practice of discrimination based on race and allowed retaliation based on charges of race discrimination. (*Id.* at ¶¶ 8-9.) Plaintiff further alleges Defendant's employment practices created a hostile work environment. Plaintiff seeks damages for loss of wages, loss of pension and retirement benefits loss of group life and health insurance coverage and other benefits of employment, and loss of business opportunity in the future.

Plaintiff timely filed a "Charge of Discrimination" to the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 13.) In September 2012, the EEOC issued Plaintiff a "Dismissal and Notice of Rights." Plaintiff then timely filed this lawsuit.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to

relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. ANALYSIS

Defendant contends Plaintiff's § 1981 claim is barred by Eleventh Amendment Immunity. Absent an express abrogation by Congress or a waiver by the state, the Eleventh Amendment precludes suits in which a state agency is named as a defendant.

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents. *Daigle v. Gulf State Utilities Co., Local Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986).

Therefore, the inquiry is whether Defendant is an arm of the state, qualifying for Eleventh Amendment Immunity. Whether an entity is an arm of the state partaking of the state's Eleventh Amendment immunity turns on its function and characteristics as determined by state law. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280 (1977); *Gay Student Services v. Texas A&M University*, 612 F.2d 160, 164-65 (5th Cir.), *cert. denied*, - U.S. -, 101 S.Ct. 608 (1980). Specifically, whether a state university enjoys sovereign immunity depends on its status under state law. *Laxey v. Louisiana Bd. of Trustees*, 22 F.3d 621, 623 (5th Cir. 1994) ("Public universities may qualify for immunity as members of the state team, depending upon 'their status under state law and their relationship to state government.'" (quotations omitted)). The University of Texas System is deemed to be an arm of the State of Texas. *See* Tex. Gov't Code § 441.101(3); *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1340 (Fed. Cir. 2006). Defendant is a component institution, and under the management and control, of the University of Texas System. Tex. Educ. Code §§ 65.02(a)(11) and 73.001(3). Therefore, Defendant enjoys the same sovereign immunity as the State of Texas itself. *Perry v. Texas A & I Univ.*, 737 S.W.2d 106, 108 (Tex. App. 1987) ("Branches of the University of Texas and other state universities are agencies of the State and thus are entitled to the same governmental immunity from suit or liability as the State of Texas."). Plaintiff's § 1981 claim must be dismissed.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Partial Dismissal is **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 2nd day of July, 2013.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE